# EXHIBIT 3

GIBSON, DUNN & CRUTCHER LLP
JAMES P. FOGELMAN, SBN 161584
  jfogelman@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
RACHEL N. PERAHIA, SBN 266877
  rperahia@gibsondunn.com
MARYSA LIN, SBN 295429
  mdlin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants Eric Samek;
Marc Davidson; P6 LA MF Holdings SPE, LLC;
AEW Capital Management, L.P.;
AEW Partners VI, L.P.; AEW Partners VI, Inc.;
AEW VI, L.P.; P6 LA MF Holdings I LLC

Attorneys for Cross-Complainant
P6 LA MF Holdings SPE, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 02 2016

Sherri R. Carter, Executive Officer/Clerk
By: R. Inostroza, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Lincoln Studios, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DLA, et al.,<br><br>Defendants.<br><br>P6 LA MF HOLDINGS SPE, LLC,<br><br>Cross-Complainant,<br><br>v.<br><br>NMS CAPITAL PARTNERS I, LLC<br><br>Cross-Defendant. | CASE NO. BC551551<br>[Related Case *Nebraska Studios, LLC v. Chernove, et al.*, Case No. BC550227]<br><br>Amended<br>[PROPOSED] DEFAULT JUDGMENT AGAINST CROSS-DEFENDANT NMS CAPITAL PARTNERS I, LLC<br><br>Assigned to Hon. Suzanne G. Bruguera<br>Department 71<br><br>Complaint Filed:        July 15, 2014<br>Cross-Complaint Filed: November 6, 2015<br>Trial Date:            None<br>Hearing Date:          December 1, 2016 |

Exhibit 3
326

This matter having been submitted before the Honorable Suzanne G. Bruguera, Judge Presiding, in Department 71 of the above-entitled court on Cross-Complainant P6 LA MF Holdings SPE, LLC's ("AEW") Application for Default Judgment, and Cross-Defendant NMS Capital Partners I, LLC's ("NMS") Answer to the Cross-Complaint having been stricken and default of Cross-Defendant having been duly entered pursuant to the Court's November 22, 2016 Order Granting Defendants' and Cross-Complainant's Motion for Terminating and Other Sanctions, and the submitted materials and declarations having been duly considered by this Court, and the materials and testimony presented at and in advance of the December 1, 2016 Default Prove-Up Hearing having been duly considered by this Court,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AEW's Application for Default Judgment by the Court is GRANTED in its entirety, and judgment is entered in favor of AEW on all claims against NMS as set forth below.

THE COURT FINDS AND HEREBY DECREES AS FOLLOWS:

1. The September 8, 2010 executed Joint Venture Agreement as subsequently amended, a true and correct copy of which is attached hereto as Exhibit 1, along with ten stand-alone, written amendments (collectively the "Agreement" or the "JVA") is the valid, binding, and operative agreement that governs P6 LA MF Holdings I LLC, the joint venture between AEW and NMS (the "Joint Venture");

2. When the JVA was executed, AEW was designated as the sole "Investor Member" of the Joint Venture and NMS was designated as the sole "Operating Member" of the Joint Venture, both of which designations are set forth on Page 1 of the JVA. AEW remains the sole Investor Member of the Joint Venture but, as further detailed later in this Judgment, NMS properly and rightfully was removed as the sole Operating Member of the JVA;

3. The Joint Venture owns and controls the following nine properties (the "Properties") through the following eight subsidiary companies (the "Subsidiary Companies") as set forth below:

| Subsidiary Company | Property Address | Property Name |
|---|---|---|
| 1410 5th Street, LLC | 1410 5th Street, Santa Monica, CA, 90401 | Lido |
| NMS Broadway, L.P. | 829 Broadway, Santa Monica, CA, 90401 | Quonset |
| Lincoln Walk Studios, LP | 1447 Lincoln Blvd., Santa Monica, CA 90401 | Lincoln Walk |

Gibson, Dunn & Crutcher LLP

Amended

1

[PROPOSED] DEFAULT JUDGMENT AGAINST CROSS-DEFENDANT NMS CAPITAL PARTNERS I, LLC

Exhibit 3
327

| Luxe 1420 5, LLC | 1420 5th Street, Santa Monica, CA, 90401 | San Marco |
| Luxe 1440 5, LLC | 1430 5th Street, Santa Monica, CA, 90401 | Rapallo |
| Luxe Washington, LLC | 9901 Washington Blvd., Los Angeles, CA 90232 | Luxe Washington |
| Luxe Broadway, LLC | 1502 Broadway, Santa Monica, CA, 90401 1511 15th Street, Santa Monica, CA 90404 | Luxe Broadway |
| Luxe La Cienega, LLC | 375 N. La Cienega Blvd., West Hollywood, CA, 90048 | Luxe La Cienega |

4. The document referred to as "Version 2" of the JVA in NMS' First and Second Amended Complaints (and referenced in Paragraph 40 of AEW's Cross-Complaint) is a fabrication and forgery created by NMS and its affiliates. Specifically, NMS and its affiliates changed the Buy/Sell provision in Section 11.1(a)(i) of the JVA from a five-year term to a three-year term that was never agreed upon by the parties;

5. Under Section 8.1 of the JVA, AEW had and has the right to sell the Properties, to finance the Properties, and to distribute the proceeds of the sale according to the terms of the JVA. AEW is the only member of the Joint Venture to possess these rights and it may exercise them in its sole and absolute discretion. NMS has no right to interfere with, impede, or otherwise oppose AEW's exercise of any of these rights, including any sale of the Properties;

6. NMS breached the JVA in the following respects:

   a. <u>Fraud, Misrepresentation, and Forgery</u>. As the Court found in its November 22, 2016 Order Granting Defendants' and Cross-Complainant's Motion for Terminating and Other Sanctions, NMS committed a broad variety of fraudulent conduct, misrepresentations, and forgeries. In particular, as explained above in Paragraph 4, the Court found that "Version 2" of the JVA in NMS' First and Second Amended Complaints (and referenced in Paragraph 40 of AEW's Cross-Complaint) is a fabrication and forgery created by NMS and its affiliates. The Court also found that a cover letter dated September 14, 2010 from Eric Samek and Neil Shekhter, which NMS and its affiliates first proffered in September 2015 and claimed accompanied the alleged hard copy of "Version 2" of the JVA, is a fabrication and a forgery created by NMS and its affiliates. The Court further found that the property management agreement ("PMA") for the Luxe La Cienega Property ("La Cienega PMA") that was first proffered by NMS and its affiliates in June 2015 and contained a 60-day termination

provision in Section 12.1, as opposed to a 30-day termination provision in all other PMAs for the Properties, is a fabrication and a forgery created by NMS and its affiliates. Moreover, the Court found that NMS and its affiliates made numerous misrepresentations and false statements in connection with these forgeries, including such statements to AEW and this Court. NMS and its affiliates also committed several violations of the PMAs, including but not limited to NMS' related entity, NMS Properties, Inc.'s ("NMS Properties"), refusal to recognize the valid termination of the PMAs, failure to vacate the Properties (with the exception of the Luxe Washington Property), failure to return the books and records of the Properties to AEW and the Subsidiary Companies, and failure to otherwise cooperate with the transition of management to a new property manager. Furthermore, NMS failed to disclose any of the multiple, pending litigations in which NMS' principal, Neil Shekhter, was involved when the JVA was executed;

b. The conduct set forth in Paragraph 6(a) constitutes breaches of Sections 2.3, 4.1, 8.1, 8.4, 8.9, 10.1(a), and 10.1(q) of the JVA;

c. <u>Misappropriation and Mishandling of Joint Venture Funds</u>. NMS has misappropriated funds from the Joint Venture by refusing to comply with AEW's instruction on July 31, 2015 to NMS and its related entity NMS Properties to transfer all cash funds of the Joint Venture and the Subsidiary Companies to designated accounts and by denying AEW access to such funds. NMS Properties also refused to comply with AEW and the Subsidiary Companies' instructions to seek AEW approval before making expenditures and provide a weekly summary of expenses to be paid along with invoices and back-up for such expenses. NMS also failed to fund its share of capital calls after AEW gave notice requiring such capital calls on July 15, 2015;

d. The conduct set forth in Paragraph 6(c) constitutes breaches of Sections 3.2, 4.1(b), and 8.1 of the JVA;

e. <u>Misappropriation and Mishandling of Joint Venture Records</u>. NMS has misappropriated and mishandled the Joint Venture records in several respects. NMS has not maintained the books and records of the Joint Venture and the Properties as required by the

JVA. NMS also failed to provide AEW with access to the Yardi Systems, Inc. ("Yardi") records relating to the Properties, including information for the Luxe La Cienega Property by removing AEW from the weekly Yardi distribution list for Luxe La Cienega. NMS further failed to provide AEW's retained accountant, Grobstein Teeple LLP, the required access to the books and records of the Joint Venture as requested by AEW, by failing to provide AEW with relevant information for the Luxe La Cienega Property, and by abruptly removing AEW from the weekly distribution list for such information in July 2015. NMS further commingled documentation, records, and funds of the Joint Venture's Properties with unrelated documentation, records, and funds. Moreover, NMS and NMS Properties refused to provide AEW with a final accounting concerning the Properties upon the termination of NMS Properties as property manager, despite AEW's repeated demands;

    f.    The conduct set forth in Paragraph 6(e) constitutes breaches of Sections 4.1(a), 4.7, and 8.18 of the JVA;

    g.    <u>Other Breaches</u>. NMS has committed several other breaches of the JVA. NMS filed the First Amended Complaint in the above-captioned lawsuit and by naming as defendants the Joint Venture, and other entities and individuals—including Eric Samek, Marc Davidson, AEW Capital Management, L.P., AEW Partners VI, L.P., AEW Partners VI, Inc., and AEW VI, L.P.—all of which are indirect owners of or affiliated with AEW, in violation of several provisions of the JVA, and seeking to dissolve the Joint Venture, and asserting claims in this action against AEW for breach of fiduciary duty;

    h.    The conduct set forth in Paragraph 6(g) is a breach of Sections 8.4(t), 8.17, 15.11, and 15.17 of the JVA;

    i.    NMS also entered into two unauthorized agreements with related parties of NMS without AEW's approval, which also involved the misappropriation of Joint Venture funds and the wrongful attempt to increase NMS's own profits and stake in the Joint Venture;

    j.    The conduct set forth in Paragraph 6(i) constitutes a breach of Sections 8.4 and 8.9 of the JVA;

7.    As a result of the aforementioned breaches set forth in Paragraphs 6(a) through (j):

a. NMS has committed Events of Default pursuant to Sections 10.1(a), (d), (o), and (q) of the JVA;

b. AEW rightfully terminated and removed NMS as the Operating Member of the Joint Venture pursuant to Section 10.5 of the JVA, which provides in relevant part that "the Investor Member may in its sole discretion at any time following a Removal Event [defined in Article 1 of the Agreement to include an Event of Default], remove the Operating Member . . . as the Operating Member of the Company" without the need for any further instruments other than notice that the Investor Member is exercising its rights;

c. NMS has lost the right to invoke the Buy/Sell term in Section 11.1 of the JVA pursuant to Section 11.1(a)(i), which provides in relevant part "in no event shall the Operating Member be entitled to give a Buy/Sell Offer Notice at any time after the occurrence of a Removal Event"; and

d. As set forth in Section 10.2(i) of the JVA, AEW has the right to cause each of the Subsidiary Companies to terminate the PMAs and all other agreements between the Subsidiary Company, on the one hand, and NMS or any party affiliated with NMS, on the other hand. AEW and the Subsidiary Companies already had properly terminated each of the PMAs at each of the Properties. NMS-affiliate NMS Properties breached and continues to breach its obligations by refusing to vacate the Properties and to return the Joint Venture's records and funds.

e. NMS has committed Incentive Loss Events as defined in Article 1 of the JVA. Therefore, NMS has lost its right to collect Incentive Distributions under Section 6.1 of the JVA, which provides in relevant part that no Incentive Distributions shall be paid to NMS upon the occurrence of an Incentive Loss Event;

8. AEW has the right to receive from NMS a complete set of the Joint Venture's books and records, and supporting documentation for all transactions under Sections 4.1(a) and 4.7 of the JVA;

9. NMS may not distribute any money related to the Joint Venture or any of the Subsidiary Companies without AEW's express permission as set forth in Section 8.4(q) of the JVA;

Exhibit 3
331

10. NMS must transfer the Joint Venture's and the Subsidiary Companies' funds from its bank accounts to those designated by AEW as set forth in Section 4.1(b) of the JVA;

11. NMS must ensure that all rents related to the Properties are deposited or transferred into the bank accounts designated by AEW as set forth in Section 4.1(b) of the JVA;

12. NMS must provide AEW full and complete access to any Joint Venture information maintained on Yardi as set forth in Section 4.1(a) of the JVA;

13. AEW has the right to an accounting done by a third party of its choosing as set forth in Section 4.1(a) of the JVA.

THE COURT HEREBY ENTERS THE FOLLOWING INJUNCTIVE RELIEF, which is prohibitory in nature but includes certain affirmative obligations that are incidentally to the prohibitory obligations[1]:

1. NMS is enjoined from continuing to breach the JVA and instead is ordered to abide by and specifically perform under the JVA as set forth in Section 10.2(iii), including in the following respects:

   a. NMS shall immediately transfer to AEW or AEW's designee custody all books and records belonging to the Joint Venture;

   b. NMS shall immediately transfer all funds belonging to the Joint Venture or any Subsidiary Company to bank accounts designated and approved by AEW;

   c. NMS shall immediately relinquish control of any bank account related to the Joint Venture or any Subsidiary Company to AEW or AEW's designee; and

   d. NMS shall immediately comply with all obligations required upon termination of any agreements, including any PMA, between any Subsidiary Company, on the one hand, and NMS or any party affiliated with NMS, on the other hand;

   e. NMS or any party affiliated with NMS, including without limitation NMS Properties, shall refrain from holding itself out as the property manager or engaging in any of

---

[1] See *People v. Mobile Magic Sales, Inc.* (1979) 96 Cal.App.3d 1, 13 ("The character of prohibitory injunctive relief, however, is not changed to mandatory in nature merely because it incidentally requires performance of an affirmative act.").

the duties of a property manager, including without limitation collecting rents or contacting tenants, at any of the Properties; and

    f.    NMS shall refrain from interfering with any of AEW's rights under the JVA, including without limitation the right to sell or any sale of the Properties;

2.    NMS and all individuals and entities affiliated with NMS, including without limitation NMS Properties, are hereby enjoined from remaining on or entering any portion of the Properties other than any specific locations at the Lido, San Marco, and Rapallo Properties that are subject to a written lease agreement between NMS and any Subsidiary Company.

THE COURT ORDERS THAT NMS SHALL PAY ATTORNEYS' FEES incurred in the above-titled action in the following amount: $5,249,643.60

THE COURT ORDERS THAT NMS SHALL PAY COSTS OF SUIT incurred in the above-titled action in the following amount: $784,284.40

*This Judgment amends the judgment entered on December 1, 2016.*

**IT IS SO ORDERED.**

Dated: *Dec 2, 2016*

HONORABLE SUZANNE G. BRUGUERA
JUDGE OF THE SUPERIOR COURT OF CALIFORNIA

Exhibit 3
333

*Amended*

7

[PROPOSED] DEFAULT JUDGMENT AGAINST CROSS-DEFENDANT NMS CAPITAL PARTNERS I, LLC

Gibson, Dunn & Crutcher LLP