LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JAMES GOLDMAN (State Bar No. 57127)
jgoldman@millerbarondess.com
A. SASHA FRID (State Bar No. 216800)
sfrid@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
NMS CAPITAL PARTNERS I, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| P6 LA MF Holdings SPE, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NMS CAPITAL PARTNERS I, LLC; BRENTWOOD LEGAL SERVICES; STEVEN ZELIG; GENGA & ASSOCIATES, P.C.; WLA LEGAL SERVICES, INC.; JOHN GENGA; MILLER BARONDESS LLP; LOUIS R. MILLER; JAMES GOLDMAN; ALEXANDER FRID; JASON TOKORO; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:19-cv-01150-AB-AFM**<br><br>**ANSWER TO COMPLAINT FOR MALICIOUS PROSECUTION**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>[Assigned to the Hon. Andre Birotte Jr., Ctrm. 7B and Magistrate Judge Alexander F. MacKinnon]<br><br>Action Filed:   February 14, 2019<br>Trial Date:       None Set |

Defendant NMS CAPITAL PARTNERS I, LLC ("Defendant") hereby answers and responds to the Complaint of Plaintiff P6 LA MF Holdings SPE, LLC ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. Defendant admits that in *Lincoln Studios, LLC, et al. v. DLA, et al.*, Case No. BC551551 (the "*Lincoln Studios* Litigation"), the trial court issued an Order Granting Defendants' and Cross-Complainants' Motion for Terminating and Other Sanctions (the "Terminating Sanctions Order") that was partially overturned by the Court of Appeal. The remaining allegations in paragraph 1 constitute argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2. Defendant admits that the Court of Appeal issued two decisions in the *Lincoln Studios* Litigation appeal and that the copies of the decisions are attached to the Complaint as Exhibits 4 and 5. The decisions speak for themselves. Defendant denies the remaining allegations in paragraph 2.

3. Defendant admits that in the *Lincoln Studios* Litigation, the appellants filed a Petition for Rehearing with the Court of Appeal and a Petition for Review with the California Supreme Court, which were both denied. The remaining allegations in paragraph 3 constitute argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3.

4. Defendant admits that it entered into a Joint Venture Agreement ("JVA") with AEW and that Defendant developed nine properties which, as a result of its efforts, became worth hundreds of millions of dollars. The JVA speaks for itself. Defendant denies the remaining allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. The allegations in paragraph 12 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations in paragraph 12 are Plaintiff's description of the nature of its case and the relief sought, but Defendant denies that Plaintiff is entitled to any relief from Defendant whatsoever.

## THE PARTIES

### A. Plaintiff

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13, and therefore denies those allegations on that basis.

### B. Defendants

14. Defendant admits that NMS is a limited liability company organized under the laws of California. Defendant admits that its sole member is Neil Shekhter. Defendant admits that Neil Shekhter is domiciled in Los Angeles County. Defendant further admits that Defendant is a citizen of California.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15, and therefore denies those allegations on that basis.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16, and therefore denies those allegations on that basis.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17, and therefore denies those allegations on that basis.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18, and therefore denies those allegations on that basis.

19. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19, and therefore denies those allegations on that basis.

20. Defendant admits that Miller Barondess LLP is a California limited liability partnership. Defendant admits that all partners of the firm are domiciled in Los Angeles County. Defendant further admits that Miller Barondess is a citizen of the State of California.

21. Defendant admits that Louis R. Miller is an individual domiciled in Los Angeles County, California, and is therefore a citizen of the State of California. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21, and therefore denies those allegations on that basis.

22. Defendant admits that James Goldman is an individual domiciled in Los Angeles County, California, and is therefore a citizen of the State of California. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22, and therefore denies those allegations on that basis.

23. Defendant admits that Alexander Frid is an individual domiciled in Los Angeles County, California, and is therefore a citizen of the State of California. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 23, and therefore denies those allegations on that basis.

24. Defendant admits that Jason Tokoro is an individual domiciled in Los Angeles County, California, and is therefore a citizen of the State of California. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 24, and therefore denies those allegations on that basis.

25. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25, and therefore denies those allegations on that basis.

## SUBJECT MATTER JURISDICTION AND VENUE

26. The allegations in paragraph 26 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26, and therefore denies those allegations on that basis.

27. The allegations in paragraph 27 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 27, and therefore denies those allegations on that basis.

## PERSONAL JURISDICTION

28. The allegations in paragraph 28 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant admits that NMS is based in the State of California, organized under the laws of the State of California, and has its principal place of business in the State of California.

29. The allegations in paragraph 29 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 29, and therefore denies those allegations on that basis.

30. The allegations in paragraph 30 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30, and therefore denies those allegations on that basis.

31. The allegations in paragraph 31 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31, and therefore denies those allegations on that basis.

32. The allegations in paragraph 32 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32, and therefore denies those allegations on that basis.

33. The allegations in paragraph 33 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in

paragraph 33, and therefore denies those allegations on that basis.

34. The allegations in paragraph 34 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34, and therefore denies those allegations on that basis.

35. The allegations in paragraph 35 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35, and therefore denies those allegations on that basis.

36. The allegations in paragraph 36 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36, and therefore denies those allegations on that basis.

37. The allegations in paragraph 37 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore denies those allegations on that basis.

## **FACTUAL BASIS FOR CLAIMS**

38. The allegations in paragraph 38 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant admits that AEW and NMS executed a term sheet on or around May 26, 2010. The term sheet speaks for itself. Defendant denies the remaining allegations in paragraph 38.

39. The allegations in paragraph 39 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant admits that AEW and NMS executed a term sheet on or around May 26, 2010. The term sheet speaks for itself. Defendant denies the remaining allegations in paragraph 39.

40. Defendant admits that the parties negotiated the JVA. Defendant denies the remaining allegations in paragraph 40.

41. Defendant admits that DLA took part in drafting the JVA. The draft speaks for itself. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 41, and therefore denies those allegations on that basis.

42. Defendant admits that Chernove acted as counsel for NMS. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 42, and therefore denies those allegations on that basis.

43. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43, and therefore denies those allegations on that basis.

44. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44, and therefore denies those allegations on that basis.

45. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 45, and therefore denies those allegations on that basis.

46. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 46, and therefore denies those allegations on that basis.

47. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 47, and therefore denies those allegations on that basis.

48. Defendant admits the parties executed the JVA on or about September 10, 2010. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 48, and therefore denies those allegations on that basis.

49. The allegations in paragraph 49 are argument and/or legal conclusions to which no response is required. The JVA speaks for itself. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 49, and therefore denies those allegations on that basis.

50. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 50, and therefore denies those allegations on that basis.

51. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 51, and therefore denies those allegations on that basis.

52. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52, and therefore denies those allegations on that basis.

53. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 53, and therefore denies those allegations on that basis.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant admits that the *Lincoln Studios* Litigation was commenced on July 15, 2014. The remaining allegations in paragraph 60 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

61. Defendant admits that the First Amended Complaint in the *Lincoln Studios* Litigation was filed on April 21, 2015. The remaining allegations in paragraph 61 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

62. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 62, and therefore denies those allegations on that basis.

63. Defendant admits that NMS Counsel Defendants represented Defendant in the *Lincoln Studios* Litigation. Defendant denies the remaining allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 69, and therefore denies those allegations on that basis.

70. Defendant denies the allegations in paragraph 70.

71. Defendant admits that AEW filed motions seeking forensic preservation and production orders. Defendant denies the remaining allegations in paragraph 71.

72. Defendant admits that the trial court issued orders in September and October 2015 regarding the preservation and production of certain documents. Defendant denies the remaining allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant admits that AEW filed a demurrer to NMS' First Amended Complaint, and that NMS thereafter filed a Second Amended Complaint ("SAC"). Defendant admits that AEW demurred to the SAC. The remaining allegations in paragraph 79 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

80. Defendant admits that it filed a Third Amended Complaint ("TAC") in the *Lincoln Studios* Litigation in January 2016. Defendant denies the remaining allegations in paragraph 80.

81. The allegations in paragraph 81 are argument and/or legal conclusions

to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 81.

82. Defendant admits that AEW filed a motion for terminating sanctions in January 2016. Defendant denies the remaining allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant admits that AEW filed a demurrer to Defendant's TAC in January 2016. The remaining allegations in paragraph 84 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

85. Defendant admits that the trial court dismissed NMS' TAC with prejudice which was partially overturned on appeal.

86. Defendant admits that on July 29, 2016, the trial court issued an order granting in part AEW's motion for terminating sanctions and setting an evidentiary hearing to determine the extent of sanctions to be issued.

87. Defendant admits that the trial court held an evidentiary hearing in October 2016. The remaining allegations in paragraph 87 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

88. Defendant denies the allegations in paragraph 88.

89. The allegations in paragraph 89 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 89.

90. The allegations in paragraph 90 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 90.

91. The allegations in paragraph 91 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 91.

92.	The allegations in paragraph 92 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 92.

93.	The allegations in paragraph 93 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 93.

94.	The allegations in paragraph 94 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 94.

95.	The allegations in paragraph 95 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 95.

96.	The allegations in paragraph 96 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 96.

97.	The allegations in paragraph 97 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 97.

98.	The allegations in paragraph 98 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 98.

99.	The allegations in paragraph 99 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 99.

100.	Defendant denies the allegations in paragraph 100.

101.	Defendant denies the allegations in paragraph 101.

102.	The allegations in paragraph 102 are argument and/or legal conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations in paragraph 102.

103.    Defendant admits that the trial court issued its Terminating Sanctions Order.

104.    Defendant admits that the trial court entered judgment against Defendant on its affirmative claims in the TAC.

105.    Defendant admits that on December 1 and December 2 the trial court held further hearings which Defendant was barred from participating in. Defendant admits that the trial court entered a default judgment against NMS and in favor of AEW on its cross-complaint on December 2, 2016 which was partially overturned on appeal. The remaining allegations in paragraph 105 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

106.    Defendant admits it appealed from the trial court's judgment. Defendant admits that the Court of Appeal issued an opinion on the Terminating Sanctions Order on June 20, 2018. Defendant denies that it did not challenge the trial court's findings of forgery, perjury or destruction of evidence on appeal.

107.    Defendant admits that the Court of Appeal issued an opinion on the Demurrer Order on June 20, 2018. The remaining allegations in paragraph 107 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

108.    Defendant admits it filed a Petition for Re-Hearing, which was denied. Defendant admits it filed a Petition for Review with the California Supreme Court, which was denied.

## FIRST CLAIM FOR RELIEF

*(For Malicious Prosecution Against NMS)*

109.    Defendant incorporates by reference each and every response to paragraphs 1 through 108 above, and 117 through 136 below.

110.    The allegations in paragraph 110 are argument and/or legal conclusions

1  to which no response is required.  To the extent a response is required, Defendant
2  admits that it initiated the *Lincoln Studios* Litigation against Plaintiff.
3        111.   Defendant admits that the trial court entered judgments on December 1
4  and 2, 2016.  The remaining allegations in paragraph 111 are argument and/or legal
5  conclusions to which no response is required.
6        112.   Defendant denies the allegations in paragraph 112.
7        113.   Defendant denies the allegations in paragraph 113.
8        114.   Defendant denies the allegations in paragraph 114.
9        115.   Defendant denies the allegations in paragraph 115.

## SECOND CLAIM FOR RELIEF

**(*For Malicious Prosecution Against the NMS Counsel Defendants*)**

12        116.   Defendant incorporates by reference each and every response to
13  paragraphs 1 through 115.
14        117.   The allegations in paragraph 117 are argument and/or legal conclusions
15  to which no response is required.  To the extent a response is required, Defendant
16  admits that the NMS Counsel Defendants represented NMS in the *Lincoln Studios*
17  Litigation.  Defendant denies the remaining allegations in paragraph 117.
18        118.   Defendant denies the allegations in paragraph 118.
19        119.   The allegations in paragraph 119 are argument and/or legal conclusions
20  to which no response is required.  To the extent a response is required, Defendant
21  denies the allegations in paragraph 119.
22        120.   The allegations in paragraph 120 are argument and/or legal conclusions
23  to which no response is required.  To the extent a response is required, Defendant
24  denies the allegations in paragraph 120.
25        121.   The allegations in paragraph 121 are argument and/or legal conclusions
26  to which no response is required.  To the extent a response is required, Defendant
27  denies the allegations in paragraph 121.
28        122.   The allegations in paragraph 122 are argument and/or legal conclusions

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 122.

123. The allegations in paragraph 123 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 123.

124. The allegations in paragraph 124 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 124.

125. The allegations in paragraph 125 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 125.

126. The allegations in paragraph 126 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 126.

127. The allegations in paragraph 127 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 127.

128. The allegations in paragraph 128 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 128.

129. The allegations in paragraph 129 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 129.

130. The allegations in paragraph 130 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 130.

131. The allegations in paragraph 131 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant

denies the allegations in paragraph 131.

132. The allegations in paragraph 132 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 132.

133. The allegations in paragraph 133 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 133.

134. The allegations in paragraph 134 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 134.

135. The allegations in paragraph 135 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 135.

136. The allegations in paragraph 136 are argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 136.

## **AFFIRMATIVE DEFENSES**

Defendant hereby pleads the following separate and additional defenses to the Complaint. By alleging the separate and additional defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Without liming or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**

(***Failure to State a Claim***)

137. The Complaint, in whole or in part, fails to state a claim upon which

relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (*Unclean Hands*)

138. Plaintiff has not come to Court with clean hands, and thus the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (*Unjust Enrichment*)

139. Any recovery by Plaintiff on the Complaint against Defendant would be unfair and would constitute unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

### (*Failure to Mitigate Damages*)

140. Plaintiff has failed to mitigate its damages, and Defendant cannot be held liable to the extent that Plaintiff has failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

### (*Waiver*)

141. Each cause of action alleged in the Complaint is barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (*Estoppel*)

142. Each cause of action alleged in the Complaint is barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (*Conduct Not Wrongful*)

143. Each cause of action alleged in the Complaint is barred, in whole or in part, because Defendant's conduct was not wrongful or otherwise unlawful.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Bad Faith*)

144. Each cause of action alleged in the Complaint is barred, in whole or in

part, as a result of Plaintiff's bad faith.

## NINTH AFFIRMATIVE DEFENSE
### *(Good Faith)*

145. Defendant alleges that. at all times relevant, Defendant has acted reasonably and in good faith under the circumstances as known to Defendant and that because it would be equitable under the circumstances, the Court should excuse Defendant in whole or in part from liability.

## TENTH AFFIRMATIVE DEFENSE
### *(Collateral Estoppel and/or Res Judicata)*

146. Each cause of action alleged in the Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE
### *(Offset)*

147. Each cause of action alleged in the Complaint is barred, in whole or in part, because Defendant is entitled to an offset paid to, or for the benefit of, Plaintiff for damages allegedly suffered as a result of the incident complained of.

## TWELFTH AFFIRMATIVE DEFENSE
### *(Failure to Mitigate Damages)*

148. Each cause of action alleged in the Complaint is barred, in whole or in part, because Plaintiff was capable of and failed to mitigate damages. Therefore, any amount awarded to Plaintiff for damages suffered should be reduced by that amount which Plaintiff would have avoided by taking reasonable steps to do so.

## THIRTEENTH AFFIRMATIVE DEFENSE
### *(Fraud)*

149. Plaintiff is not entitled to the relief it seeks in the Complaint because the claims contained therein are barred by Plaintiff's own fraudulent acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Breach of the Implied Covenant of Good Faith and Fair Dealing)*

150. The Complaint is barred due to the fact that Plaintiff, by its own acts and/or omissions, breached the covenant of good faith and fair dealing implied in the agreement alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(In Pari Delicto)*

151. The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the equitable doctrine of *In Pari Delicto*.

## SIXTEENTH AFFIRMATIVE DEFENSE

*(Payment)*

152. Plaintiff's purported causes of action, and each of them, are barred in that Plaintiff has been paid any and all sums to which it may have been entitled as a result of any of the matters alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*(Reservation of Defenses)*

153. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in the Complaint. Defendant further prays for relief as follows:

1. That Plaintiff takes nothing by way of its Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff, directing the Complaint to be dismissed with prejudice;

3. That Defendant be awarded its costs of suit herein, including reasonable attorneys' fees, to the extent recoverable under applicable law; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: April 12, 2019

Respectfully submitted,

MILLER BARONDESS, LLP

By: _____
A. SASHA FRID
Attorneys for Defendant
NMS CAPITAL PARTNERS I, LLC

## DEMAND FOR JURY TRIAL

Defendant NMS Capital Partners I, LLC, hereby demands a trial by jury.

DATED: April 12, 2019

Respectfully submitted,

MILLER BARONDESS, LLP

By: _____
A. SASHA FRID
Attorneys for Defendant
NMS CAPITAL PARTNERS I, LLC