Stephen J. Tully, SBN 112390
stully@garrett-tully.com
Robert Garrett, SBN 65886
rgarrett@garrett-tully.com
Efren A. Compeán, SBN 119658
ecompean@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, California 91101-4869
Telephone: (626) 577-9500
Facsimile: (626) 577-0813

Attorneys for Miller Barondess, LLP,
Louis R. Miller, James Goldman,
Alexander Frid, and Jason Tokoro

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| P6 LA MF Holdings SPE, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NMS CAPITAL PARTNERS I, LLC; BRENTWOOD LEGAL SERVICES; STEVEN ZELIG; GENGA & ASSOCIATES, P.C.; WLA LEGAL SERVICES, INC.; JOHN GENGA; MILLER BARONDESS LLP; LOUIS R. MILLER, JAMES GOLDMAN; ALEXANDER FRID; JASON TOKORO; AND DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01150-AB-AFMx<br><br>(Hon. André Birotte, Jr.)<br><br>**RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' APPENDICES, EXHIBITS AND REQUESTS FOR JUDICIAL NOTICE**<br><br>Date: May 24, 2019<br>Time: 10:00 A.M.<br>Crtrm.: 7B |

1  Defendants Miller Barondess, LLP, Louis R. Miller, James Goldman, Alexander Frid, and Jason H. Tokoro (the "Miller Firm") hereby submits the following responses to Plaintiff's Evidentiary Objections to Defendants' Appendices, Exhibits and Requests for Judicial Notice.

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 1. Letter/Term Sheet from AEW to NMS re: Multi- Family Development Joint Venture dated May 20, 2010 (Ex. 5) | Failure to authenticate (Fed. R. Evid. 901(a))<br><br>Hearsay (Fed. R. Evid. 801(c))<br><br>Sustained: _____<br>Overruled: _____ |
| **Defendants' Response**<br>The objections should be overruled because:<br><br>There is proper foundation that the exhibit is a true copy of the May 20, 2010 Term Sheet. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. (Miller Decl. ¶ 1.)<br><br>The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show that AEW and NMS signed an agreement containing a clause that stated that NMS could be monetized within five years. | |
| 2. Letter from NMS to AEW re: LLC Agreement dated June 26, 2013 (Ex. 6) | Failure to authenticate (Fed. R. Evid. 901(a))<br><br>Hearsay (Fed. R. Evid. 801(c))<br>Sustained: _____<br>Overruled: _____ |
| **Defendants' Response**<br>The objections should be overruled because:<br><br>There is proper foundation that the exhibit is a true copy of the June 26, 2013 letter from NMS to AEW. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. | |

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| (Miller Decl. ¶ 1.) The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show that NMS communicated its intent to buy out AEW's interest under Article 6.1 of the Joint Venture Agreement. | |
| 3. Letter from NMS to AEW re: LLC Agreement dated August 2, 2013 (Ex. 7) | Failure to authenticate (Fed. R. Evid. 901(a)). Hearsay (Fed. R. Evid. 801(c)) Sustained: _____ Overruled: _____ |

**Defendants' Response**

The objections should be overruled because:

There is proper foundation that the exhibit is a true copy of the August 2, 2013 letter from NMS to AEW. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. (Miller Decl. ¶ 1.)

The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show that the parties discussed a buyout of AEW's interest after five years.

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 4. Email dated November 18, 2013 from Neil Shekhter to Eric Samek re: AEW unanswered questions. (Ex. 8) | Failure to authenticate (Fed. R. Evid. 901(a)). Hearsay (Fed. R. Evid. 801(c)) Sustained: _____ Overruled: _____ |

**Defendants' Response**

The objections should be overruled because:

There is proper foundation that the exhibit is a true copy of the November 18, 2013 email from Neil Shekhter to Eric Samek. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. (Miller Decl. ¶ 1.)

The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show that the parties discussed a buyout of

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| AEW's interest after five years. | |
| 5. Text messages from Neil Shekhter to Eric Samek dated December 11 and 13, 2013 (Ex. 9) | Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Hearsay (Fed. R. Evid. 801(c))<br><br>Sustained: _____<br>Overruled: _____ |
| **Defendants' Response**<br><br>The objections should be overruled because:<br><br>There is proper foundation that the exhibit is a true copy of December 2013 text messages between Neil Shekhter to Eric Samek. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. (Miller Decl. ¶ 1.)<br><br>The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show that the parties discussed a buyout of AEW's interest after five years. | |
| 6. Letter from NMS to AEW re: JVA dated December 22, 2015 (Ex. 10) | Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Hearsay (Fed. R. Evid. 801(c))<br><br>Sustained: _____<br>Overruled: _____ |
| **Defendants' Response**<br><br>The objections should be overruled because:<br><br>There is proper foundation that the exhibit is a true copy of a December 22, 2015 letter from NMS to AEW. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. (Miller Decl. ¶ 1.)<br><br>The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show that Neil Shekhter offered to buyout AEW's interest in the Joint Venture. | |

GARRETT & TULLY
A PROFESSIONAL CORPORATION

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 7. Declaration of Eric Samek dated September 21, 2015, filed in the Lincoln Action (Ex. 11) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983); Podell v. United States, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)).<br><br>Sustained: _____<br>Overruled: _____ |

**Defendants' Response**

The objections should be overruled because:

    The declaration (which was prepared by the objecting counsel) does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant.

    The statements at issue constitute party admissions.

    The evidence is not offered to prove the truth of its contents. It is offered merely to show that AEW asserted, though its agent's declaration, that AEW contended that when it received "Version 2" of the JVA on July 19, 2013, it believed at that time Version 2 "must be a forgery" because the terms of the Buy-Sell in Article 11 had been changed. *See also, Roberson v. City of Los Angeles,* 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland*, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case).

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 8. Email dated March 10, 2015 from Eric Samek to Neil Shekhter (Ex. 12) | Failure to authenticate (Fed. R. Evid. 901(a)).<br><br>Hearsay (Fed. R. Evid. 801(c))<br><br>Sustained: _____<br>Overruled: _____ |

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| **Defendants' Response**<br><br>The objections should be overruled because:<br><br>　There is proper foundation that the exhibit is a true copy of a March 10, 2015 email from Eric Samek to Neil Shekhter. Declarations from attorneys who have personal knowledge of how the exhibits were obtained, and that certify that the exhibits are true and correct copies, are sufficient to authenticate documents. Mr. Miller has declared that he has personal knowledge of all of these facts, which is sufficient to authenticate the documents under this framework. (Miller Decl. ¶ 1.)<br><br>　The evidence is not Hearsay. It is not offered to prove the truth of its contents. It is offered merely to show AEW's understanding, intent, and knowledge of its obligations, under and the validity of NMS's buy-out rights under Article 6.1 of the JVA. Additionally, it is a party admission by Samek, who is or was a director of AEW. | |
| 9. Declaration of Daniel Lennon dated January 16, 2016 filed in the Lincoln Action (Ex. 14) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); *Podell v. United States*, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)).<br><br>Sustained: _____<br>Overruled: _____ |
| **Defendants' Response**<br><br>The objections should be overruled because:<br><br>　The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant.<br><br>　The statements at issue constitute party admissions.<br><br>　The evidence is not offered to prove the truth of its contents. It is offered merely to show that third-party witnesses confirmed that AEW promised NMS the buyout right. *See also, Roberson v. City of Los Angeles*, 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland*, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case). | |

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 10. Declaration of Valery Aginsky dated June 19, 2016, filed in the Lincoln Action (Ex. 16) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); *Podell v. United States*, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)).<br><br>Sustained: _____<br>Overruled: _____ |

**Defendants' Response**

The objections should be overruled because:

    The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant.

    The evidence is not offered to prove the truth of its contents. It is offered merely to show that expert witnesses in the underlying action opined that the allegations of forgeries and spoliation against NMS were incorrect, not supported by evidence, based on the application of a methodology that is not generally accepted, inconsistent and speculative. *See also, Roberson v. City of Los Angeles*, 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland*, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case).

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 11. Declaration of Kathleen Nicolaides dated June 20, 2016, filed in the Lincoln Action (Ex. 17) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); *Podell v. United States*, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)).<br><br>Sustained: _____<br>Overruled: _____ |

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| **Defendants' Response** <br><br> The objections should be overruled because: <br><br>     The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant. <br><br>     The evidence is not offered to prove the truth of its contents. It is offered merely to show that expert witnesses in the underlying action opined that the allegations of forgeries and spoliation against NMS were incorrect, not supported by evidence, based on the application of a methodology that is not generally accepted, inconsistent and speculative. *See also, Roberson v. City of Los Angeles,* 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland,* F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case). | |
| 12. Declaration of William Flynn dated June 2016, filed in the Lincoln Action (Ex. 18) | Failure to comply with 28 U.S.C § 1746(2). <br><br> Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); *See M/V American Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1491 (9th Cir. 1983); *Podell v. United States,* CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)). <br><br> Sustained: _____ <br> Overruled: _____ |
| **Defendants' Response** <br><br> The objections should be overruled because: <br><br>     The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant. <br><br>     The evidence is not offered to prove the truth of its contents. It is offered merely to show that expert witnesses in the underlying action opined that the allegations of forgeries and spoliation against NMS were incorrect, not supported by evidence, based on the application of a methodology that is not generally accepted, inconsistent and speculative. *See also, Roberson v. City of Los Angeles,* 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland,* F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable | |

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| in malicious prosecution case). | |
| 13. Declaration of Scott Cooper dated June 21, 2016 in the Lincoln Action (Ex. 19) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983); Podell v. United States, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)).<br><br>Sustained: _____<br>Overruled: _____ |

**Defendants' Response**

The objections should be overruled because:

The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant.

The evidence is not offered to prove the truth of its contents. It is offered merely to show that expert witnesses in the underlying action opined that the allegations of forgeries and spoliation against NMS were incorrect, not supported by evidence, based on the application of a methodology that is not generally accepted, inconsistent and speculative. See also, Roberson v. City of Los Angeles, 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); Moore v. City of Oakland, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case).

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| 14. Declaration of Neil Shekhter dated January 27, 2016, filed in the Lincoln Action (Ex. 24) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983); Podell v. United States, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)).<br><br>The Lincoln Studios court found the Shekhter declaration to be perjurious, a finding affirmed on appeal. (Complaint, Ex. 5 [June 20, 2018 Court of Appeal |

337447_2.DOCX

GARRETT & TULLY
A PROFESSIONAL CORPORATION

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| | Order].) Defendants' continued submission and reliance on testimony found to be perjurious is improper. *See, e.g., Hawaii Carpenters Tr. Funds v. H.E. Johnson Co., Inc.*, 2018 WL 2122909, at *9 (D. Haw. May 8, 2018) ("Courts in the Ninth Circuit have explained that a declaration is submitted in bad faith . . . where it knowingly contains perjurious or intentionally false assertions or knowingly seeks to mislead by omitting facts central to a pending issue.") (internal quotations omitted (citing cases), <br><br> Sustained: _____ <br> Overruled: _____ |
| **Defendants' Response** <br><br> The objections should be overruled because: <br><br> The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant. <br><br> The evidence is not offered to prove the truth of its contents. It is offered as evidence to show merely to show that Mr. Shekhter contended, among other things, there was evidence of misconduct by AEW regarding the JVA, including cutting and pasting NMS' signature from another agreement onto it, without authorization. *See also, Roberson v. City of Los Angeles*, 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland*, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case). | |
| 15. Declaration of Dino Ciarmoli with Exhibits filed on Ocober 5, 2016 in the Lincoln Action (Ex. 40) | Failure to comply with 28 U.S.C § 1746(2). <br><br> Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); *Podell v. United States*, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)). <br><br> Sustained: _____ <br> Overruled: _____ |

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
| **Defendants' Response**<br><br>The objections should be overruled because:<br><br>    The declaration (which was prepared by the objecting counsel) does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant.<br><br>    The evidence is not offered to prove the truth of its contents. It is offered merely to show that an NMS executive testified by declaration, and would have testified at the evidentiary hearing, that all data was provided to AEW and all JV records were maintained on NMS's servers. ||
| 16. PowerPoint Presentation of oral argument for hearing on sanctions motion dated June 13, 2016 (Ex. 41) | The PowerPoint Presentation is argument, not evidence. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (finding that legal memoranda and oral argument are not evidence).<br><br>Failure to authenticate (Fed. R. Evid. 901(a))<br><br>Hearsay (Fed. R. Evid. 801(c))<br>Sustained: _____<br>Overruled: _____ |
| **Defendants' Response**<br><br>The objections should be overruled because:<br><br>    The authority cited by plaintiff pertains to a court's decision on summary judgment, which is distinguishable from this situation.<br><br>    The evidence is not offered to prove the truth of its contents. It is offered merely to show the Miller Firm possessed and submitted a compendium of what the Miller firm believed was evidence of AEW's violations of the *Lincoln* court's forensic order. *See also, Roberson v. City of Los Angeles*, 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland*, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case). ||
| 17. Declaration of Louis R. Miler dated November 7, 2016 filed in the Lincoln Action (Ex. 42) | Failure to comply with 28 U.S.C § 1746(2).<br><br>Not judicially noticeable for the truth of the facts asserted therein (Fed. R. Evid. 201(b); *See M/V American Queen v. San Diego Marine Constr. Corp.,* 708 |

GARRETT & TULLY<br>A PROFESSIONAL CORPORATION

| EVIDENCE | GROUNDS FOR OBJECTION |
|---|---|
|  | F.2d 1483, 1491 (9th Cir. 1983); *Podell v. United States*, CV 07-6296 MMM (FMOx), 2008 WL 11337387, at *1 n.2 (C.D. Cal. May 6, 2008)). <br> Sustained: _____ <br> Overruled: _____ |

**Defendants' Response**

The objections should be overruled because:

 The declaration does not violate 28 U.S.C. 1746. It is signed under penalty of perjury by the declarant.

 The evidence is not offered to prove the truth of its contents. It is offered merely to show that the Miller Firm submitted evidence showing that it did not have any knowledge or involvement in any of the alleged wrongdoing, and that the motion followed AEW's earlier threats against the Miller Firm about representing NMS. *See also, Roberson v. City of Los Angeles*, 220 Fed. Appx. 522 (9th Cir. 2007) (judicial notice of materials in underlying state court suit proper in malicious prosecution case); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F. 3d 741, 746 (9th Cir. 2006) ("court may take judicial notice of court filings and matters of public record"); *Moore v. City of Oakland*, F.Supp. 3d 891, 896 n. 1 (N.D. Cal. 2017) (pleadings in underlying state court case properly judicially noticeable in malicious prosecution case).

DATED: May 10, 2019

GARRETT & TULLY, P.C.

_/s/ Stephen J. Tully_
STEPHEN J. TULLY
Attorneys for Defendants Miller Barondess, LLP, Louis R. Miller, James Goldman, Alexander Frid, and Jason Tokoro

GARRETT & TULLY
A PROFESSIONAL CORPORATION

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Ventura, State of California. My business address is 4165 E. Thousand Oaks Blvd., Suite 201, Westlake Village, CA 91362-3839.

On May 10, 2019, I served true copies of the following document(s) described as **RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' APPENDICES, EXHIBITS AND REQUESTS FOR JUDICIAL NOTICE** on the interested parties in this action.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 10, 2019, at Westlake Village, California.

*Rusty Holmgren*
Rusty Holmgren