Steven Zelig, SBN 094654
WLA LEGAL SERVICES, INC.
1543 7th St., Suite 300
Santa Monica, California 90401
T: 310/393-6702 F: 310/393-6703

Attorneys for Defendants Steven Zelig, WLA Legal Services, Inc. and Brentwood Legal Services, LLP, erroneously sued and served as Brentwood Legal Services

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| P6 LA MF Holdings SPE, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NMS CAPITAL PARTNERS I, LLC; BRENTWOOD LEGAL SERVICES; STEVEN ZELIG; GENGA & ASSOCIATES, P.C.; WLA LEGAL SERVICES, INC.; JOHN GENGA; MILLER BARONDESS LLP; LOUIS R. MILLER; JAMES GOLDMAN; ALEXANDER FRID; JASON TOKORO; AND DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-1150-AB-AFMx<br><br>(Hon. Andrė Birotte, Jr.)<br><br>SUPPLEMENTAL REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE COMPLAINT BY DEFENDANTS STEVEN ZELIG , BRENTWOOD LEGAL SERVICES, LLP, AND WLA LEGAL SERVICES, INC. PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16; AND SUPPLEMENTAL DECLARATION OF STEVEN ZELIG<br><br>DATE:    May 24, 2019<br>TIME:    10:00 a.m.<br>CRTRM:   7B |

TO ALL PARTIES HEREIN AND THEIR RESPECTIVE COUNSEL OF RECORD:

Steven Zelig, WLA Legal Services, Inc., and Brentwood Legal Services, LLP (collectively "Zelig") hereby supplements their reply based on <u>Switzer v. Wood</u> 2018 DJDAR 399 (attached as Exhibit 49 to this brief), **certified for publication on May 14, 2019** as follows:

1. <u>SWITZER</u> CLEARLY SUPPORTS NMS' INCLUSION OF MULTIPLE CAUSES OF ACTION IN THE FAC AND THE SAC, INCLUDING ONES FOR VIOLATION OF PENAL CODE SECTION 484, I.E., PROCUREMENT OF REAL PROPERTY UNDER "FALSE OR FRAUDULENT REPRESENTATION OR PRETENSE."

When Zelig filed the FAC and the SAC in the underlying matter, he included multiple causes of action related to AEW's conduct in fraudulently inducing NMS to transfer valuable properties for amounts substantially below fair market value. Zelig included causes of action for fraud, breach of fiduciary duty, cancellation of instruments, breach of contract, and for the civil remedies provided by Penal Code Section 496( c).

More specifically, per the facts set forth in paragraphs 41, 49, 52, and 57 of Exhibit 49 to this motion (the Declaration of Shekhter of August 9, 2017, Document 55-13 Filed 04/26/19), NMS asserted that the partnership fraudulently induced NMS to transfer the 4 properties (2 in Santa Monica on Broadway and Lincoln, 1 in Culver City on Washington, and 1 in Los Angeles on La Cienega) for tens of millions of dollars below fair market value. Based upon the facts set forth in the Declaration of Shekhter, Zelig alleged that when Shekhter inquired of Samek as to why he would transfer these valuable properties at tens of millions of dollars below fair market value, Samek advised Shekhter: (1) that it would not matter to NMS because of its plan to buy out AEW at or about the 3 year anniversary of the venture; (2) that because of this planned acquisition, NMS could sell the properties to the partnership for zero dollars; and (3) that since AEW had only a finite amount of money to invest, the transfers of the properties at amounts substantially below market would be a "win-win" for everybody because it would allow the partnership to "diversify" in a market that all perceived to be substantially appreciating.

When Zelig filed the FAC and the SAC, his theory was substantially supported by a published opinion <u>Bell v. Feibush</u> (2013) 212 Cal.App.4th 1041. When the Miller

office took over as lead counsel, Zelig was relegated to virtually no role. The Miller office streamlined the matter by eliminating causes of action that Zelig thought were very important, including causes of action based on PC Sections 484 and 496. Those sections gave the victimized Plaintiffs the right to triple damages and attorney fees relative to the partnership's procurement of the 4 properties and other monies under "false or fraudulent representation or pretenses.[1]" Notably, the cause of action based upon the Penal Code, and related causes of action, were completely independent of, and not controlled or impacted by, the acquisition equation.

On May 14, 2019, <u>Switzer</u> was published, and heavily relied on <u>Bell</u>, and the plain language of Penal Code Sections 484 and 496. Notably, like the underlying action, <u>Switzer</u> involved a joint venture, partnership, or business relationship that went bad, including the withholding of large sums of money or income, and the conversion of "valuable property items" such as "spinal implant inventory." <u>Switzer</u> at 4001. Just as in the underlying case, Cross-complainant Switzer sued for breach of contract, fraud, breach of fiduciary duty/ constructive fraud, negligence, and for the civil remedies provided by (Penal Code) Section 496( c). <u>Switzer</u> at 4001.

The bottom line here is that NMS had a very strong and compelling case against P6 – not a weak one whatsoever. The fact that the State Court made findings (with which Zelig respectfully disagrees) that Shekhter and/or others at NMS manipulated evidence was the reason the highly meritorious underlying was thrown out, resulting in a multi-$100-million windfall for AEW. Put in the converse, the underlying case was not thrown out because of an absence of supporting evidence, or because the underlying case lacked merit. The State Court absolutely did not find any

---

[1] While Zelig did not disagree with the decision to streamline, Zelig did not agree with the decision to eliminate causes of action that he thought were key.

involvement in the irregularities by any of the lawyers.  Ironically, and sadly, the present action is a maliciously prosecuted lawsuit.

DATED:  May 17, 2019            Respectfully submitted,

WLA LEGAL SERVICES, INC.

By: _____

Steven Zelig, Attorney for Defendants Steven Zelig, WLA Legal Services, Inc., and Brentwood Legal Services

# DECLARATON OF STEVEN ZELIG

I, STEVEN ZELIG, hereby declare:

1. I am an attorney duly licensed to practice before all of the Courts of the State of California.

2. Attached hereto and marked as Exhibit 55 to this brief is a copy of <u>Switzer v. Wood</u> 2018 DJDAR 399, which was certified for publication on May 14, 2019.

3. When I filed the FAC and the SAC in the underlying matter, I included multiple causes of action related to AEW's conduct in fraudulently inducing NMS to transfer valuable properties for amounts substantially below fair market value. I included causes of action for fraud, breach of fiduciary duty, cancellation of instruments, breach of contract, and for the civil remedies provided by Penal Code Section 496(c). More specifically, per the facts set forth in paragraphs 41, 49, 52, and 57 of Exhibit 49 to this motion (the Declaration of Shekhter of August 9, 2017, Document 55-13 Filed 04/26/19), on behalf of Plaintiffs, I asserted that the partnership fraudulently induced NMS to transfer 4 properties (2 in Santa Monica on Broadway and Lincoln, 1 in Culver City on Washington, and 1 in Los Angeles on La Cienega) for tens of millions of dollars below fair market value. Based upon the facts set forth in the Declaration of Shekhter, I alleged that when Shekhter inquired of Samek as to why he would transfer these valuable properties at tens of millions of dollars below fair market value, that Samek advised Shekhter: (1) that it would not matter to NMS because of its plan to buy out AEW at or about the 3 year anniversary of the venture; (2) that because of this planned acquisition, NMS could sell the properties to the partnership for zero dollars; and (3) that since AEW had only a finite amount of money to invest, the transfers of the properties at amounts substantially below market would be a "win-win" for everybody because it would allow the partnership to "diversify" in a market that all perceived to be substantially appreciating.

4. When I filed the FAC and the SAC, my theory was substantially supported by a published opinion <u>Bell v. Feibush</u> (2013) 212 Cal.App.4th 1041. When the Miller office took over as lead counsel, I was relegated to virtually no role. The Miller office streamlined the matter by eliminating causes of action that I thought were very important, including ones based on PC Section 484 and 496. Those sections gave the victimized Plaintiffs the right to triple damages and attorney fees relative to the partnership's procurement of the 4 properties and other monies under "false or fraudulent representation or pretenses." (While I did not disagree with the decision to streamline, I did **not agree** with the decision to eliminate causes of action that I thought were key.) Notably, the cause of action based upon the Penal Code and related causes of action were completely independent of, and not controlled or impacted by, the acquisition equation.

5. On May 14, 2019, <u>Switzer</u> was published, and heavily relied on <u>Bell,</u> and the plain language of Penal Code Section 484 and 496. Notably, like the underlying action, <u>Switzer</u> involved a joint venture, partnership, or business relationship that went bad, including the withholding of large sums of money or income, and the conversion of "valuable property items" such as "spinal implant inventory." <u>Switzer</u> at 4001. Just as in the underlying case, Cross-complainant Switzer sued for breach of contract, fraud, breach of fiduciary duty/ constructive fraud, negligence, and for the civil remedies provided by (Penal Code) Section 496( c). <u>Switzer</u> at 4001.

6. The bottom line here is that NMS had a very strong and compelling case against P6 – not a weak one whatsoever. The fact that the State Court made findings (with which I respectfully disagrees) that Shekhter and/or others at NMS manipulated evidence was the reason the highly meritorious underlying was thrown out, and resulted in a multi-$100-million windfall for AEW. Put in the converse, the underlying case was not thrown out because of an absence of

supporting evidence, or because the underlying case lacked merit. The State Court absolutely did not find any involvement in the irregularities by any of the lawyers. Ironically, and sadly, the present action is a maliciously prosecuted lawsuit.

7. I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct, and if called upon to testify thereto, I could and would do so.

Executed this 17th day of May, 2019, at Santa Monica, California.

_____
Steven Zelig

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON MAY 17, 2019, A COPY OF THE SUPPLEMENTAL REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE COMPLAINT BY DEFENDANTS STEVEN ZELIG , BRENTWOOD LEGAL SERVICES, LLP, AND WLA LEGAL SERVICES, INC. PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16; AND SUPPLEMENTAL DECLARATION OF STEVEN ZELIG was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM//ECF System.

DATED: May 17, 2019         WLA LEGAL SERVICES, INC.

/s/
_____
STEVEN ZELIG
Attorneys for Defendants Steven Zelig, WLA Legal Services, Inc., and Brentwood Legal Services