GIBSON, DUNN & CRUTCHER LLP
James P. Fogelman, SBN 161584
    jfogelman@gibsondunn.com
Jay P. Srinivasan, SBN 181471
    jsrinivasan@gibsondunn.com
Shannon E. Mader, SBN 235271
    smader@gibsondunn.com
333 South Grand Ave.
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Attorneys for Plaintiff
P6 LA MF Holdings SPE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| P6 LA MF Holdings SPE, LLC, a limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>NMS CAPITAL PARTNERS I, LLC; BRENTWOOD LEGAL SERVICES; STEVEN ZELIG; GENGA & ASSOCIATES, P.C.; WLA LEGAL SERVICES, INC.; JOHN GENGA; MILLER BARONDESS LLP; LOUIS R. MILLER; JAMES GOLDMAN; ALEXANDER FRID; JASON TOKORO; and DOES 1-10, inclusive,<br><br>          Defendants. | CASE NO. 2:19-cv-1150-AB-(AFMx)<br><br>**PLAINTIFF'S OBJECTION TO THE GENGA DEFENDANTS' JOINDER**<br><br>**Hearing:**<br>Date:   May 24, 2019<br>Time:   10:00 a.m.<br>Place:  Courtroom 7B<br>Judge:  Hon. André Birotte Jr. |
|---|---|

Gibson, Dunn & Crutcher LLP

PLAINTIFF'S OBJECTION TO THE GENGA DEFENDANTS' JOINDER

The Genga Defendants'[1] Joinder in the Special Motions to Strike Complaint Per Cal. Code Civ. Proc. § 425.16 by the "Miller" Defendants and the "Zelig" Defendants should be denied. (Dkt. 72-2.) The Genga Defendants failed to comply with Local Rule 7–3, which mandates that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution," at least seven days prior to filing the motion. L.R. 7–3. This defect alone is enough to deny the Genga Defendants' motion and Joinder. *See, e.g.*, *Ellington v. House*, 2018 WL 2316946, at *5 (C.D. Cal. Apr. 4, 2018), *report and recommendation adopted*, 2018 WL 2315952 (C.D. Cal. May 15, 2018); *Russell v. Aurora Bank, FSB*, 2013 WL 12172140, at *1 (C.D. Cal. July 16, 2013). The Genga Defendants should not be able to "cure" a fatal defect by "joining" the Miller Defendants' or the Zelig Defendants' motions after Plaintiff filed its oppositions to the pending anti-SLAPP motions. Second, the Genga Defendants make no attempt to identify the arguments that are actually applicable to them. *See Ellington*, 2018 WL 2316946, at *5.

Dated: May 22, 2019                    GIBSON, DUNN & CRUTCHER LLP


By: */s/ James P. Fogelman*
        James P. Fogelman

Attorneys for Plaintiff

---

[1] As used herein, the "Genga Defendants" refers to Defendants John Genga and Genga & Associates, P.C.